PER CURIAM.
Plaintiff in the trial court suffered an adverse directed verdict in a negligence action against the owner and lessor of certain leased premises. The injury occurred as a result of the tenant making certain alterations in an exterior wall on the im *565 provement contained, on the demised premises. This alteration was done in order that the tenant could run an extension cord from an electrical outlet to a truck parked outside, which cord ran outside the building along the ground, through water standing as a result of the tenant washing his vehicles. This condition resulted in the plaintiff receiving an electrical shock when he touched a truck belonging to the tenant, parked on the demised premises adjacent to the building thereon.
The record failed to demonstrate that the condition existed at the time of the execution of the lease; that the lessor had been notified, as required by the lease, to make repairs; or that the lessor had undertaken to make any repairs.[1] And, further, the record failed to show that the lessor was responsible for the general conditions of the premises, which were a contributing cause of the injury. Therefore, the action of the trial judge should be sustained. The following is found in Goldstein v. Great Atlantic & Pacific Tea Co., Fla.App.1962, 142 So.2d 115:
******
“Plaintiff has failed to prove either notice to the landlord or circumstances out of which notice might be implied. * * * Therefore, in the absence of notice to the landlord, or a request to repair, the trial judge was correct in his announced intention to direct a verdict for the defendants-landlords.”
******
The other points urged for reversal have been examined and found to be without merit.
Therefore, the final judgment based upon the directed verdict be and the same is hereby affirmed.
Affirmed.

 * * * * *
“TWELFTH: Lessee hereby accepts the premises in the condition they are in at -the beginning of this lease and agrees to maintain said premises in the same condition, order and repair as they are at the commencement of said term, excepting only reasonable wear and tear arising from the use thereof under this agreement, and to make good to said lessor immediately upon demand any damage to water apparatus, or electric lights or any fixture, appliances or appurtenances of said premises, or of the building, caused by any act or neglect of lessee or of any person or persons in the employ or under the control of the lessee. Par. 12 is subject to Paragraphs 23 and 24 below.
* He *• *
“TWENTY-THIRD: Lessor shall, at his expense, complete the building on the demised premises to include the following:
1 room approximately 31' x 20' to be known as a processing room. ‘The floor and 8' of the walls from the floor up shall be tiled. Drains, plumbing lines and electrical outlets shall be installed as per attached sketch.
1 room approximately 15' x 2T to be known as the refrigeration room, including drains, plumbing lines and electrical outlets as per attached sketch. Lessor is to provide at its expense cooling equipment which will maintain a 32 degree temperature in said room and said equipment shall have at least a 5-year warranty and guarantee. Lessee shall maintain said equipment during the term of this lease.
“TWENTY-FOURTH: Notwithstanding the provisions of Paragraph Twelfth above, Lessor agrees that he will keep the exterior of the building on the demised premises in good repair, including the roof. Lessee shall give Lessor notice in writing of needed repairs, and Lessor shall make such repairs.”
* * * * *